UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| -against- | : | O7 Cr. 837 (VM) |
| DIN CELAJ, et al. | : | MEMORANDUM OF LAW |
| Defendants. | : | |

------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT RABINDRA SINGH'S
PRETRIAL MOTIONS**

**INTRODUCTION**

This memorandum is respectfully submitted in support of defendant Rabinda Singh's motions for an order (1) granting Singh a separate trial from that of his co-defendants; (2) directing the government to provide a bill of particulars; (3) granting Singh the relief sought in motions submitted on behalf of co-defendants, to the extent that it is applicable, and applying any applicable facts or arguments presented in those motions to the present application; (4) ordering an evidentiary hearing to resolve any factual

1

disputes necessary to determination of the present application; and (5) granting such other and further relief as the court may deem just and proper.[1]

## ARGUMENT

### POINT ONE

**SINGH SHOULD BE TRIED SEPARATELY FROM HIS CO-DEFENDANTS**

Fed. R. Crim. Pro. 14 authorizes the Court to prevent prejudice to a defendant by ordering separate trials of defendants joined in a single indictment. The decision to sever is "committed to the sound discretion of the trial judge." *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir.1989). Severance should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 US 534, 539 (1993)

Rabindra Singh is charged in only one count of a ten-count indictment. The charges against co-defendants, but not against Mr. Singh, include: robbery in violation of 18 U.S.C. 1951 (Counts One through Three), conspiracy to distribute marijuana and

---

[1] As noted elsewhere, there is extensive wiretap evidence in this case. The warrants authorizing the wiretaps do not mention Mr. Singh, and our investigation suggests Mr. Singh was not intercepted on the wiretaps. Thus, it would appear Mr. Singh does not have standing to challenge the wiretap evidence; however, should the government claim that Mr. Singh does appear on the wiretaps, he reserves his right to challenge that evidence.

cocaine in violation of 18 U.S.C. 846 (Counts Four and Five), conspiracy to defraud insurance companies in violation of 18 U.S.C. 1341 (Counts Seven and Eight) and possession of a firearm, which was "brandished and discharged" in furtherance of a crime in violation of 18 U.S.C. 924 (Counts Nine and Ten).  The one count in which Singh is charged relates to a conspiracy to transport and dispose of stolen motor vehicles interstate in violation of 18 U.S.C. 2312; 2313 (Count Six).

     There are many hours of recorded phone calls in this case; however, Mr. Singh is not heard or referred to in these conversations.  The conversations include such prejudicial material as (1) racial slurs and threats of violence (e.g. "[S]ome mobster Italian nigger says you don't know who you're talking to and I said you don't know who you are talking to you fucking Guinea.  I said I'll drag you out the car and fuck you up, I don't care who you are." (Wiretap of 646-321-9582); (2) statements implying bribes to law enforcement officials for information (e.g. "[F]orty detectives are looking for you . . .they wouldn't let me get into the Intel files like that, but what I know is that somebody from Intel called me and said there's a lot of you fucking guys . . . let me read you a list of names . . . Melville Joseph . . . Darren al Solvick . . Jerry Celaj . . Din Celaj with 5 x's next to it because there's five warrants out for you by the way" (Wiretap of 347-721-1637); and (3) statements insulting law enforcement officials (e.g. "I said [to the cop] how long you been married, and he said sixteen years, I said you should get into

swinging, is your wife a good looking girl? I can bang your wife and you can bang my girl" (Wiretap of 347-821-6752).

In addition to the prejudice Singh would be exposed to from the wiretaps, additional prejudice will be suffered if the government seeks to introduce 404(b) evidence as to his co-defendants. For example, a New York Times article described testimony given by co-defendant Din Celaj, a former cooperator, in a recent federal trial describing activities he and his "break-in crew"engaged in. Such activities included "burglary, gun possession, kidnaping and an extortion plot so vicious that they threatened to place an M-80 firecracker on someone's genitals and blow them off." *Informant Returns to Court, This Time Facing Charges*, Alan Feuer, New York Times, July 28, 2007. By trying Singh together with other defendants as to whom there may be evidence of such extreme behavior, the government will expose him to substantial prejudice that will not be sufficiently remedied by curative instructions. Accordingly, the Court should exercise its discretion by granting Singh a separate trial.

## POINT TWO

### THE GOVERNMENT SHOULD BE DIRECTED TO PROVIDE A BILL OF PARTICULARS

The essential function of a bill of particulars is to furnish facts that are necessary to inform a defendant of the charges in the indictment with sufficient precision to enable him to prepare his defense, to avoid unfair surprise at trial, and to preclude a second

prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 82(1927); *United States v. Bortnovsky*, 820 F.2d 1141, 1148 (2d Cir. 1987). A bill of particulars is necessary "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *cert. denied*, 498 U.S. 906 (1990). Under that standard, particulars are plainly required to clarify the indictment in the present case, especially with regard to the alleged fraudulent misrepresentations.

Count Six of the indictment alleges a conspiracy, which allegedly took place over a seven-month period, but for the most part fails to provide specific details identifying the motor vehicles that were stolen, the location of the alleged theft or thefts, or any other pertinent circumstances. Rather than assisting the defense in understanding the charges, the overwhelming quantity of discovery materials in this case makes it virtually impossible to determine the conduct that the government will seek to establish at trial. *See Bortnovsky*, 820 F.2d at 575 ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified . . ."). In the absence of the requested particulars, Singh will be unfairly surprised by learning the specifics underlying the allegations only when evidence concerning them is presented at trial.

**CONCLUSION**

For the reasons discussed above, we respectfully request that the Court grant the relief requested in defendant Singh's motions.

Respectfully submitted,

_____
LAWRENCE GERZOG
251 East 61st Street
New York, New York 10065
(212) 486-3003
*Attorney for Defendant*
*Rabindra Singh*